The STATE of Ohio, Appellant,

v.

PALICKI, Appellee.

[Cite as *State v. Palicki*, (1994), 99 Ohio App.3d 143.]

Court of Appeals of Ohio,
Wood County.

No. 94WD037.

Decided Nov. 25, 1994.

*Alan R. Mayberry*, Wood County Prosecuting Attorney, for appellant.

*Thomas C. McCarter*, for appellee.

---

ABOOD, Presiding Judge.

This is an appeal by the state from a judgment of the Wood County Court of Common Pleas which granted appellee Kenneth Palicki's motion to suppress the

statements made by him in a prior proceeding that are the subject of the perjury charge in these proceedings.

Appellant sets forth the following assignment of error:

"The trial court erred in granting the defendant's motion to suppress for failure to provide defendant with evidence available to the state because evidence that would indicate the evidence in question was not required to be given was offered to refute such conclusion."

The facts that are relevant to the issues raised herein grow out of a separate case that is not part of this appeal, in which appellee was charged with two drug offenses in the Perrysburg Municipal Court. On August 4, 1993, that case proceeded to hearing on appellee's motion to suppress evidence that was seized from him in a search by troopers of the Ohio Highway Patrol. At the hearing appellee offered testimony as to certain extreme behavior by the troopers who conducted the search. Thereafter, the prosecutor introduced a videotape of the search, which directly contradicted appellee's testimony. As a result thereof, on August 19, 1993, the Wood County Grand Jury returned the indictment in this case, which charged appellee with one count of perjury for "knowingly making a false statement under oath." On December 15, 1993, appellee filed a motion in this case to suppress the testimony from the August 4, 1993 hearing. On April 11, 1994, a hearing was held on the motion to suppress.[1]

In support of the motion appellee argued to the trial court that the videotape and his testimony should be suppressed because (1) the action of the troopers in the prior case constituted an invalid, warrantless search and seizure; (2) the perjury indictment was defective because it failed to allege that the statements were "material" as is required under R.C. 2921.11(B); (3) the statements were not material to either of the charges in the prior case or the motion to suppress hearing in which the statements were made; (4) the state violated Crim.R. 16 by not disclosing the existence of the videotape before he testified; (5) the prosecutor violated his own office's "open-file" discovery policy; and (6) the prosecutor violated *Brady v. Maryland* (1962), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and its progeny by not disclosing the tape. As to *Brady*, appellee argued that the videotape was exculpatory because it was material to his guilt or innocence and that his counsel would not have allowed him to testify if he had known about the tape. He further asserted that under *United States v. Bagley* (1984), 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481, "materiality * * * cover(s) cases of prosecutorial failure to disclose evidence favorable to the defense regardless of whether the defense makes no request, a general request, or a specific request,"

---

1. Appellee's motions to dismiss and *in limine* were also argued at this hearing; however, the proceedings on those motions are not part of this appeal.

and, therefore, the prosecutor had a duty to disclose this material information even though the defense had not requested it.

In response, the state agreed that it had learned of the videotape prior to the beginning of the hearing but did not disclose its existence or contents to appellee or his counsel until after appellee testified, but argued that, in the prior case, (1) defense counsel did not request discovery orally or in writing, (2) the prosecutor did not intend to use the videotape until after appellee perjured himself in the hearing, and (3) there was no material in the tape that was subject to disclosure pursuant to *Brady*.

On April 14, 1994, the trial court filed its judgment entry in which it found that the prosecutor's nondisclosure of the videotape was improper under *Brady* and *Bagley* and granted the motion to suppress. In doing so the trial court quoted *Bagley*, stating:

"In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material if there is a reasonable probability that had the evidence been disclosed to the defense, *the result of the proceeding would have been different.* * * * This standard of materiality applies regardless of whether the evidence is specifically, generally, or not at all requested by the defense." (Emphasis added.) *Id.*, 473 U.S. at 682, 105 S.Ct. at 3383, 87 L.Ed.2d at 494.

The trial court found further that the nondisclosure of the tape "denied Defendant information regarding evidence in the hands of the prosecution necessary for the Defendant to make an informed decision with regard to his right to testify or not testify" and that, because appellee was not fully informed of the evidence that the prosecution possessed, his testimony was offered in violation of his Fifth Amendment rights.

It is from the trial court's judgment that granted appellee's motion to suppress the statements made during the August 4, 1993 hearing in the prior case that the state has filed this notice of appeal.

In support of its assignment of error the state argues that (1) in the prior case it was not required, under Crim.R. 16, to disclose the existence of the videotape prior to appellee's giving his perjured testimony; (2) appellee did not object to the introduction of the videotape in the prior case and has therefore waived his right to raise such objections in this case; (3) there is no Fifth Amendment issue in this case because in the prior case appellee was not compelled to be a witness against himself but took the stand voluntarily to testify on his own behalf; and (4) once appellee took the stand and perjured himself, the prosecution was free to use the videotape to attack his credibility on cross-examination.

Appellee responds that his trial counsel verbally asked for discovery in the prior case and the prosecutor violated his own "open file policy" by not disclosing the tape. Appellee also claims that the state had a duty to disclose the tape under Crim.R. 16(B)(1)(c) and that its failure to do so violated his Fifth Amendment right against self-incrimination. As he did in the trial court, appellee relies on *Brady* and *Bagley* to support his argument that the state has a continuing duty to disclose any evidence to a defendant that is material to his guilt or innocence. He states that, as in *Brady*, prior knowledge of the tape would have affected his decision to testify at the hearing in the prior case and that that decision has a material effect on whether he can be found guilty of the perjury charge. He further argues that if evidence is material, under *Bagley*, it must be disclosed to the defendant whether or not it is requested.

While we agree that appellee has accurately set forth the law as articulated by the Supreme Court in *Brady* and *Bagley*, we do not agree that either case applicable to the facts of this case.

In *Brady*, the defendant in a first degree murder trial asked to examine any extrajudicial statements made by his companion. While several were shown to him, the prosecution failed to give him the statement in which his companion admitted doing the actual killing. The nondisclosure of this statement directly affected the defendant's claim that he had participated in the murder but his companion had done the killing. The court found "that the suppression by the prosecutor of evidence favorable to an accused * * * violates due process where the evidence is material either to guilt or to punishment * * *," *id.*, 373 U.S. at 87, 83 S.Ct. at 1196–1197, 10 L.Ed.2d 218, and that the companion's statement that was withheld was exculpatory in nature and materially affected the question of guilt or innocence of the defendant.

The language in *Brady* limits its disclosure requirement to "evidence favorable to an accused * * * where the evidence is material either to guilt or to punishment * * *." *Id.* In this case, however, there is no evidence that the videotape could have provided anything favorable to appellee's defense against the drug charges in the prior case. If anything, as to those offenses the videotape was inculpatory rather than exculpatory.

In *Bagley* the defendant, who had been indicted for violating federal narcotics and firearm statutes, requested information on any deals that had been made with the government's witnesses. In its response, the prosecutor failed to disclose the fact that two of the principal witnesses were going to be paid for their participation. The defendant claimed that this impaired his ability to cross-examine the government witnesses during his trial. In deciding the case, the *Bagley* court expanded the type of evidence that falls under the *Brady* disclosure requirement by finding that "[i]mpeachment evidence * * * falls within the

*Brady* rule. \* \* \* Such evidence is 'evidence favorable to an accused' \* \* \* so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." *Id.,* 473 U.S. at 676, 105 S.Ct. at 3375, 87 L.Ed.2d at 490.

This, however, is not the type of impeachment evidence that is at issue in this case. *Bagley* speaks of evidence that would be useful in impeaching the prosecution's witnesses, not of evidence that is used to impeach a defendant who voluntarily chooses to make false statements under oath. As set forth above, the *Bagley* court found that "materiality" is determined by examining whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.,* 473 U.S. at 682, 105 S.Ct. at 3383, 87 L.Ed.2d at 494. Clearly, it is not even arguable that, if in the prior case the videotape had been disclosed, the "result of the proceeding," that is, the denial of the motion to suppress, would have been different.

In both *Brady* and *Bagley,* the evidence that was not disclosed potentially affected the outcome of the case from which it was withheld. While we credit appellee's counsel for his creativity in his effort to raise confusion over the issues in appellee's separate cases in the trial court, we cannot find that either *Brady* or *Bagley* is applicable to the facts and circumstances of the case that is now before this court.

Both parties also make arguments as to the compliance or failure of compliance with Crim.R. 16(B)(1)(c) and other discovery matters. These arguments, however, go to the propriety of the admission of the videotape in the prior case. There have been no allegations of a lack of compliance with Crim.R. 16 or any other improprieties involving discovery in this case and we, therefore, find that these arguments are not relevant to the issues before us in these proceedings.

Upon consideration of the evidence that was before the trial court on the motion to suppress and the law as set forth above, this court finds that the trial court erred as a matter of law in granting appellee's motion to suppress; appellant's sole assignment of error is well taken.

On consideration whereof, the judgment of the Wood County Court of Common Pleas which granted appellee's motion to suppress is hereby reversed, and this case is remanded to the Wood County Court of Common Pleas for further proceeding consistent with this opinion. Court costs assessed against appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK and GLASSER, JJ., concur.